Honorable Kimberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Luigi Marruso,<br><br>                    Plaintiff,<br><br>vs.<br><br>Robert W. Monster et al.<br><br>                    Defendants | No. 2:24-cv-01455-KKE<br><br>Motion for Default Judgment<br><br>Note to Calendar: December 31, 2024 |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff states the following in support of his Motion for Default Judgment seeking judgment against Defendants, jointly and severally, in the amount of **$1,368, 217.76 plus the return of 5.18836095 BTC.**

### STATEMENT OF FACTS

As detailed in the Complaint, and supported through the attached declaration, the Defendants purportedly offered an escrow service for the sale of domain names, but then used that service as a means to misappropriate the funds entrusted to their care. **Exhibit 1**, at ¶ 6-10. In this case, the Defendants misappropriated funds from four of Plaintiff's accounts. Each is described below.

First, as to the "MultiBusiness" account, on November 3, 2022, Epik emailed Plaintiff informing Plaintiff that it had unilaterally terminated a "Customer Account Balance Accrual Agreement" and has "converted the balance of [Plaintiff's account] into In-Store Credit ("ISC") in the amount of $1,072,687.81. **Exhibit 1**, at ¶11. This was done by Defendants' unilateral transfer of 53.52930961 of BTC out of Plaintiff's Masterbucks account into USD in the amount of $1,079,108.38, and then provision of a corresponding ISC of $1,079,108.38[1] to the Plaintiff's Epik account. ECF No. 1, at ¶ 36; ECF Nos. 1, Ex. 1; 1, Ex. 2; 1, Ex. 3; **Exhibit 1**, at ¶ 11. As of April 5, 2023, Plaintiff held a balance of $1,079,052.50 ISC in its Epik account. *Id*. at ¶ 40; ECF No. 1, Ex. 4; **Exhibit 1**, at ¶ 11. Defendants then transferred the $1,079,052.50 of ISC out of the Epik account and back to the MultiBusiness Masterbucks Account. *Id*. at ¶ 42; ECF Nos. 1, Ex. 4; 1, Ex. 5; **Exhibit 1**, at ¶ 12. Plaintiff has demanded return of the $1,079,052.50 and Defendants have refused to return the funds. *Id*. at ¶ 44; **Exhibit 1**, at ¶ 12.

As to Plaintiff's admin@businessweb.com account, Plaintiff used Epik's domain name escrow services in connection with the sale of a domain name in August 2022. **Exhibit 1**, at ¶ 13. The resulting funds were converted to BTC within the corresponding Masterbucks account shortly thereafter. ECF No. 1*,* at ¶ 45; ECF No. 1, Ex. 6; **Exhibit 1**, at ¶ 13. In November 2022, Plaintiff attempted to withdraw the BTC. *Id*. at ¶ 47; **Exhibit 1**, at ¶ 13. Defendants refused to permit the withdraw of BTC and marked the request as "pending," which remains today. *Id*. at ¶ 48; ECF No. 1, Ex. 6; **Exhibit 1**, at ¶ 13. To date, Defendants are wrongfully exerting possession and control over 5.18836095 BTC that rightfully belong to Plaintiff. *Id*. at ¶ 49; **Exhibit 1**, at ¶ 13.

---

[1] Plaintiff acknowledges that Defendants' ISC credit does not match the total as stated in its November 3, 2022 email. **Exhibit 1**, at ¶ 11.

Motion for Default Judgment  (NO. 24-cv-01455-KKE) - 2

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

As to Plaintiff's "Bitextreme" account, on November 3, 2022, Epik emailed Plaintiff informing Plaintiff that it had unilaterally terminated a "Customer Account Balance Accrual Agreement" and has "converted the balance of [Plaintiff's account] into In-Store Credit ("ISC") in the amount of $32,214.79. **Exhibit 1**, at ¶ 14. This was done by Defendants unilaterally transferring 1.2314666 BTC out of Plaintiff's Masterbucks account into USD in the amount of $24,823.90 and then providing a corresponding ISC of $24,823.90 to the Epik account. **Exhibit 1**, at ¶ 14. Defendant also transferred $12,526.09 worth of USD out Plaintiff's Masterbucks account and provided a corresponding ISC of $12,526.09 to the Epik Account. ECF No. 1, at ¶ 52; ECF Nos. 1, Ex. 7; 1, Ex. 8; 1, Ex. 9; 1, Ex. 10; **Exhibit 1**, at ¶ 14. As of April 5, 2023, Plaintiff held a balance of $36,003.00 ISC within its Epik account. *Id*. at ¶ 57; ECF No. 1, Ex. 11; **Exhibit 1**, at ¶ 14. But on April 6, 2023, Defendants then transferred the $36,003.00 of ISC back to the Bitextreme Masterbucks Account. *Id*. at ¶ 59; ECF No. 1, Ex. 9; **Exhibit 1**, at ¶ 14. Plaintiff has demanded return of the $36,003.00 and Defendants have refused to return the funds. *Id*. at ¶ 60; **Exhibit 1**, at ¶ 14.

Finally, as to Plaintiff's domainsales@domainempire.com account, on November 3, 2022, Defendants transferred $253,162.26 of USD out of Plaintiff's domainsales@domainempire.com Masterbucks account and a corresponding deposit of ISC was made into Plaintiff's domainsales@domainempire.com Epik account. *Id*. at ¶ 62; ECF No. 1, Ex. 12; 1, Ex. 13; **Exhibit 1**, at ¶ 15. As of April 5, 2023, Plaintiff held a balance of $253,162.26 ISC within its Epik account. *Id*. at ¶ 65; ECF No. 1, Ex. 13; **Exhibit 1**, at ¶ 15. But on April 6, 2023, Defendants then transferred the $253,162.26 back to the domainsales@domainempire.com Masterbucks account and took an action to erase this ISC from the MultiBusiness Epik Account. *Id*. at ¶ 66; ECF No. 1-12; **Exhibit**

| Motion for Default Judgment (NO. 24-cv-01455-KKE) - 3 | Revision Legal, PLLC<br>8051 Moorsbridge Rd.<br>Portage, MI 49024<br>(269) 281-3908 | Ranallo Law Office<br>5058 57th Ave. S.<br>Seattle, WA 98118<br>(831) 607-9229 |

**1**, at ¶ 15. Plaintiff has demanded return of the $253,162.26 and Defendants have refused to return the funds. *Id*. at ¶ 67; **Exhibit 1**, at ¶ 15.

## PROCEDURAL HISTORY

On September 12, 2024, Plaintiff filed its Complaint in this matter. ECF No. 1. On September 22, 2024, personal service was completed on Defendants Monster and Epik. ECF Nos. 6-7. On September 23, 2024, personal service was completed on Defendant Masterbucks. ECF No. 8. Defendants have never appeared or defended. On October 23, 2024, this Court granted Plaintiff's request for entry of default. ECF No. 10.

## ARGUMENT

I.  **DEFAULT JUDGMENT AGAINST THE DEFENDANTS IS PROPER**

Fed. R. Civ. Proc. 55 authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. In deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *QBE Specialty Insurance Company v. Escrow Services of Washington LLC*, 2024 WL 4545002, at *2 (W.D.Wash., 2024) (citations and quotations omitted).

A.  **Jurisdiction and Venue are Proper**

This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 because the action alleges violations of 18 U.S.C. §1962. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. §1367 as the causes of action arise from a common nucleus of operative facts, namely, Defendants' fraud in providing escrow services in connection with the sale of domain names.

Motion for Default Judgment  (NO. 24-cv-01455-KKE) - 4

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

This Court also has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and because Defendants' fraud has resulted in Plaintiff suffering losses in excess of $75,000, exclusive of interests and costs.

Personal jurisdiction is proper over Monster and Epik as they are Washington residents. Personal jurisdiction over Masterbucks is proper because it regularly conducts business in Washington, and this action arises out of or is related to its conduct in the state. Venue is also proper as to all Defendants in this District under 28 U.S.C. § 1391(b)(2) where a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**B.    *Eitel* Factors Support Entry of Default Judgment Against the Defendants**

Courts weigh the following factors ("*Eitel* factors") in deciding motions for default judgment. *QBE*, 2004 WL 4545002, at *2 (*citing Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

　　　　1.    **Eitel *Factor No. 1: Prejudice to Plaintiff***

Plaintiff would be prejudiced if default judgment is not granted, as without judgment, Plaintiff "would be without other recourse for recovery" to which he is entitled. *Curtis v. Illumination Arts, Inc.*, 33 F.Supp.3d 1200, 1211 (W.D.Wash., 2014) (citations omitted).

　　　　2.    **Eitel *Factor Nos. 2 and 3: Substantive Merits and Sufficiency of the Complaint***

"The second and third *Eitel* factors, concerning the merits of the plaintiff's claim and the sufficiency of their complaint, are 'often analyzed together.'" *Amazon.com Inc. v. Tang*, 2024 WL 3521528, at *2 (W.D.Wash., 2024) (citations omitted). "These two factors weigh in favor of default judgment when the plaintiff's complaint contains 'sufficient factual matter, accepted as

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 5

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

true, to state a claim to relief that is plausible on its face.'" *Id*. citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff will address each claim for relief.

**First Cause of Action: Breach of Contract Against Epik and Monster**

To provide a claim for breach of contract, Plaintiff must provide a valid contract between the parties, and show four elements: duty, breach, causation, and damages. *Tang*, 2024 WL 3521528 at *4.

Plaintiff elected to use Epik as an escrow service for the sale of various domain names and Epik agreed to provide such services. Epik, through Monster, had a duty to provide such escrow services. Defendants failed to provide the basics of those escrow services because Defendants failed to release the money (or cryptocurrency) held within Plaintiff's accounts upon Plaintiff's request. As a result, Plaintiff has been damaged in excess of $1,500,000. ECF No. 1 at ¶¶ 70-75.

Plaintiff has pled the required elements to support a claim for breach of contract and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Second Cause of Action: Fraudulent Misrepresentation (all Defendants)**

Under Washington law, claims that sound in fraud consist of (1) a representation of a fact; (2) the fact's falsity; (3) the fact's materiality; (4) the speaker's knowledge of the statement's falsity; (5) the listener's lack of awareness that the statement is false; (6) the speaker's intent for the listener to act on the statement; (7) the listener's right to rely on the truth of the statement; (8) the listener's actual reliance on the truth of the statement; and (9) the listener's subsequent damage. *Promedev, LLC v. Wilson*, 2023 WL 2330377, at *6 (W.D.Wash. 2023).

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 6

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

Plaintiff has plead all elements of this cause of action at ECF No. 1 at ¶ 77-85, namely that Defendants would act as escrow, would hold the relevant balances at Plaintiff's direction, that Plaintiff relied on those representations, that Defendants knew their representations were false and intended for Plaintiff to rely on those representations so it could misappropriate Plaintiff's funds. As a result, Plaintiff has suffered losses. Plaintiff has pled the required elements to support a claim for fraudulent representation, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Third Cause of Action: Breach of Fiduciary Duty (all Defendants)**

To prevail on his breach of fiduciary duty claim, Plaintiff must establish (1) the existence of a duty owed, (2) a breach of that duty, (3) a resulting injury, and (4) that the claimed breach was the proximate cause of the injury. *See Thepvongsa v. Regional Trustee Services Corp.*, 2011 WL 307364, at *5 (W.D.Wash. 2011) (citations omitted). "Whether an individual, or entity, owes a fiduciary duty is a question of law." *Lodis v. Corbis Holdings, Inc.*, 172 Wash. App. 835, 857 (2013). Washington Courts have determined that escrow agents occupy a "fiduciary relationship to all parties to the escrow." *Bank of Washington v. Equity Investors*, 81 Wash. 2d 886 (1973).

Plaintiff's funds were never placed in, and were not maintained in, a separate escrow account. Instead, Defendants misappropriated Plaintiff's funds and used the funds to settle separate debts or for other personal or business reasons unrelated to Plaintiff's directives. Such actions breached Defendants' fiduciary duties owed to Plaintiff. ECF No. 1 at ¶ 90. Plaintiff has pled the required elements to support a claim for breach of fiduciary duty and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 7

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

**Fourth Cause of Action: Violations of the Racketeer Influenced and Corrupt Organizations Act (all Defendants)**

"In order to state a civil RICO claim, a plaintiff must allege that one or more defendant 'persons' conducted or participated in the activities of an 'enterprise' through a pattern of racketeering activity consisting of at least two predicate acts cognizable under RICO. *Capitol West Appraisals, LLC v. Countrywide Financial Corp.*, 759 F.Supp.2d 1267, 1272 (W.D.Wash. 2010); *See* 18 U.S.C. §§ 1961(5), 1962(c). RICO recognizes mail fraud and wire fraud, among other acts, to be "racketeering activity." *See* 18 U.S.C. § 1961(1)(B). "The elements of mail fraud and wire fraud include '(1) a scheme or an artifice to defraud; (2) use of the U.S. mails or wires in furtherance of the said scheme; and (3) use of the mails or wires with the specific intent to deceive or defraud.'" *Capitol West Appraisals, LLC,* 759 F.Supp.2d at 1272 citing *ITI Internet Services, Inc. v. Solana Capital Partners, Inc.s,* 2006 WL 1789029 *8 (W.D.Wash. June 27, 2006).

Defendants are "persons" within the definition of 18 U.S.C. § 1961(3) because they are capable of holding a legal or beneficial interest in property. The Defendants are an "enterprise" associated in fact pursuant to 18 U.S.C. § 1961(4). Through their widespread deception and fraud to steal money allegedly held in escrow, they have engaged in "racketeering activity" by devising a scheme or artifice to defraud Plaintiff by means of wire communication in interstate or foreign commerce in violation of 18 U.S.C § 1343. ECF No. 1 at ¶ 95. Defendants used wire services to accept money allegedly acting as an escrow service for the sale of Plaintiff's domain names and then misappropriated such funds. ECF No. 1 at ¶ 95. Defendants' actions are part of a common fraudulent scheme so that Defendants could steal Plaintiff's money, acts that have been going on for years and impacting many other people beyond just Plaintiff. ECF No. 1 at ¶¶ 96-98.

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 8

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

Plaintiff has pled the required elements to support a civil RICO claim, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Fifth Cause of Action: Unjust Enrichment (all Defendants)**

Unjust enrichment refers to a method of recovery where, without any direct contractual relationship between parties, one party retains a benefit it has not paid for. *See Aegean Maritime Petroleum S.A. v. KAVO Platanos M/V*, 646 F.Supp.3d 1347, 1358 (W.D.Wash. 2022).

Defendants held more than $1,000,000 of Plaintiff's money and/or BTC in what was supposed to be an escrow account held solely for Plaintiff's benefit. ECF No. 1 at ¶102. By refusing to return said funds to Plaintiff upon Plaintiff's request, Defendants unlawfully retained the benefit of those funds without having paid for it. ECF No. 1 at ¶¶ 34, 45, 51, 61. Plaintiff has pled the required elements to support a claim for unjust enrichment, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Sixth Cause of Action: Conversion (all Defendants)**

Conversion consists of an "unjustified, willful interference without lawful justification, whereby a person entitled to it is deprived of the possession of his or her property." *Taie v. Ten Bridges LLC*, 704 F.Supp.3d 1147, 1156 (W.D.Wash. 2023) (citations omitted). "Money may be the subject of conversion if the party charged with conversion wrongfully received the money *or* had an obligation, which it failed to honor, to return the specific money to the party claiming it." *Id*. citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1039 (9th Cir. 2010) (emphasis added).

Defendants held more than $1,000,000 of Plaintiff's money and/or BTC in what was supposed to be an escrow account held solely for Plaintiff's benefit. ECF No. 1 at ¶102. By holding

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 9

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

the money and/or BTC in accounts controlled by Defendants, and by refusing to return said funds to Plaintiff upon Plaintiff's request, Defendants failed to honor their obligation to return the specific funds to Plaintiff upon his attempts to claim them. *Id.* Plaintiff has pled the required elements to support a claim for conversion, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Seventh Cause of Action: Violation of the Washington Consumer Protection Act (all Defendants)**

To establish a claim under the Washington Consumer Protection Act (WCPA), Plaintiff must show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring its business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." *Tang*, 2024 WL 3521528 at *4.

Defendants engaged in unfair and deceptive trade practices by holding themselves out to be a legitimate escrow agent and instead fraudulently converting (from one currency to another, and back), holding, and refusing to furnish Plaintiff's earnings from his sale of domains. See ECF No. 1 at ¶¶ 19, 21-26 and Exhibit 1 hereto. Defendants' deceptive trade practices were the clear cause of injury to Plaintiff's property where he is not able to possess over $1,000,000 worth of funds that he earned selling domain names. ECF No. 1 at ¶ 113. Plaintiff has pled the required elements to support a claim under the WCPA, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

**Eighth Cause of Action: Replevin (all Defendants)**

To establish a claim for replevin under RCW 7.64.010 *et seq.*, a plaintiff must establish "ownership of the property, a right to its possession, a demand on the respondents for its surrender,

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 10

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

their refusal to surrender it, and their consequent wrongful detention of same." *Page v. Urick*, 31 Wash. 601, 603-04, 72 P. 454 (1903).

Plaintiff has a present ownership right to more than $1,000,000 of his money and 5.18836095 BTC currently being held by Defendants. ECF No. 1 at ¶116. By holding those funds and BTC in accounts controlled by Defendants, and by refusing to return said funds to Plaintiff upon Plaintiff's request, Defendants are wrongfully retaining those funds and BTC. ECF No. 1 at ¶¶ 19-20, 26, 108. Plaintiff has pled the required elements to support a claim for replevin under Washington law, and where his well-pleaded allegations must be taken as true, default judgment on this claim is proper. *See Tang*, WL 3521528, at *2.

    3. **Eitel *Factor No. 4: Sum of Money at Stake***

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [the] defendant's conduct." *QBE*, 2004 WL 4545002, at *4 (quoting <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)). "The Court assesses whether the amount of money sought is proportional to the harm caused by [the] Defendants' conduct." *Id*.

Here, not only is Defendants' conduct pernicious and serious, but Plaintiff is seeking a dollar for dollar return of the proceeds he lawfully earned selling domain names that Defendants unlawfully refuse to release. In other words, the amount of money Plaintiff seeks is directly related, and exactly proportional, to the Defendants' unlawful conduct.

**Eitel *Factor No. 5: Possibility of a Dispute Regarding Material Facts***

This *Eitel* factor derives from the *Eitel's* court's comment that "because Eitel was seeking almost $3 million in damages from McCool and because the parties disputed material facts in the

| Motion for Default Judgment (NO. 24-cv-01455-KKE) - 11 | Revision Legal, PLLC<br>8051 Moorsbridge Rd.<br>Portage, MI 49024<br>(269) 281-3908 | Ranallo Law Office<br>5058 57th Ave. S.<br>Seattle, WA 98118<br>(831) 607-9229 |
|---|---|---|

pleadings, we cannot say that the district court abused its discretion in denying the default judgment." *Eitel*, 782 F.2d at 1472. Thus, the Eitel court (1) recognized the parties in that case identified disputes of material facts and (2) balanced that specifically against the rather large amount of money being requested in that case. In cases such as this, where the parties have not raised any dispute over material facts, courts find this factor weighs in favor of default judgment given their requirement to take all well-pleaded allegations as true. See, e.g., *QBE*, 2004 WL 4545002, at *4.

Such is the case here. Defendants have not appeared to dispute any of Plaintiff's well-pleaded allegations. Moreover, Plaintiff has provided evidence attached to his Complaint demonstrating the veracity of his claims and evidencing an entitlement to his requested relief, as well as a declaration from Plaintiff himself attesting to the operative facts. Unlike in the *Eitel* case, Defendants have not contested any pled facts and, as argued above, the relief sought by Plaintiff is reasonable and proportionate to Defendants' misconduct.

### 4.  Eitel *Factor No. 6: Possibility of Excusable Neglect*

This *Eitel* factor derives from the fact that the parties in *Eitel* had negotiated final settlement, which the defendant in that case believed to be a final resolution of the matter, a belief which the *Eitel* court found could constitute excusable neglect. *See Eitel*, 782 F.2d at 1472. In cases where defendants are properly served—even through registered agents—but do not appear, courts do not find excusable neglect. See, e.g., *QBE*, 2024 WL 4545002, at *4.

Such is the case here. Plaintiff has served all Defendants, and they have not appeared. This factor weights in favor of a default judgement

.

| Motion for Default Judgment (NO. 24-cv-01455-KKE) - 12 | Revision Legal, PLLC<br>8051 Moorsbridge Rd.<br>Portage, MI 49024<br>(269) 281-3908 | Ranallo Law Office<br>5058 57th Ave. S.<br>Seattle, WA 98118<br>(831) 607-9229 |

5.  **Eitel *Factor No. 7: Policy Favoring Decision on the Merits***

The final *Eitel* factor "favors that courts decide cases 'upon their merits whenever reasonably possible.'" *QBE*, 2024 WL 4545002, at *4 (quoting *Eitel*, 782 F.2d at 1472)). "But when a defendant fails to appear or defend themselves in an action, the policy favoring decisions on the merits is not dispositive . . . [i]ndeed, Federal Rule of Civil Procedure 55 allows courts to issue a default judgment if a defendant fails to appear or defend." *QBE*, 2024 WL 4545002, at *4 (citing *PepsiCo*, 238 F. Supp. 2d at 1177).

Defendants in this case have not appeared despite being properly served. ECF Nos. 6-8. This Court has already properly entered default against them. ECF No. 10. While courts prefer to resolve cases on their merits, Defendants have prevented this Court from doing so; they cannot escape accountability by refusing to appear.

II. **<u>PLAINTIFF HAS PROPERLY IDENTIFIED AND CALCULATED DAMAGES</u>**

Pursuant to LR 55(b)(2), Plaintiff has properly identified and calculated his claimed damages. In the exhibits attached to his Complaint, and in his declaration attached to this motion as Exhibit 1, Plaintiff has described the exact dollar figures unlawfully held by Defendants. For the benefit of this Court, Plaintiff includes a table below summarizing the evidence presented regarding damages.

| Description | Record Evidence | Amount |
|---|---|---|
| Plaintiff's *MultiBusiness Account* | Ex's 1-5 to Plaintiff's Complaint; **Exhibit 1**, Declaration of Luigi Marusso, ¶ 11 | $1,079,052.50 |

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 13

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

| Plaintiff's *admin@businessweb.com Account* | Ex 6 to Plaintiff's Complaint; **Exhibit 1**, Declaration of Luigi Marusso, ¶ 13 | 5.18836095 BTC |
|---|---|---|
| Plaintiff's *Bitextreme Account* | Ex's 7-11 to Plaintiff's Complaint; **Exhibit 1**, Declaration of Luigi Marusso, ¶ 14 | $36,003.00 |
| Plaintiff's *domainsales@domainaempire.com Account* | Ex's 12-13 to Plaintiff's Complaint; **Exhibit 1**, Declaration of Luigi Marusso, ¶ 15 | $253,162.26 |
| | ***Total Amount:*** | **$1,368, 217.76 and 5.18836095 BTC** |

Plaintiff is entitled to the return of his Bitcoin as damages under any of his claims. Like when stocks and other commodities are unlawfully converted, withheld, or obtained, specific restitution is an available remedy. See, e.g., *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 815 (9th Cir. 2018) (citing Restatement (First) of Restitution § 74 (Am. Law Inst. 1937) and upholding an order of specific shares to be returned to the plaintiff), *reversed on other grounds*. The Commody Futures Trading Commission (CFTC) has noted that "the Commission and federal courts have found that virtual currencies are commodities under the CEA." See Exhibit 2, *The CFTC's Role in Monitoring Virtual Currencies.* And courts agree. See, e.g., *Commodity Futures Trading Comm'n v. McDonnell*, 287 F. Supp. 3d 213, 228 (E.D.N.Y.), adhered to on denial of reconsideration, 321 F. Supp. 3d 366 (E.D.N.Y. 2018) ("Virtual currencies can be regulated by

Motion for Default Judgment  (NO. 24-cv-01455-KKE) - 14

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

CFTC as a commodity.*"); Commodity Futures Trading Comm'n v. My Big Coin Pay, Inc.*, 334 F. Supp. 3d 492, 498 (D. Mass. 2018); *Commodity Futures Trading Comm'n v. Carmona*, No. 2:23-CV-04015-MRA-RAO, 2024 WL 4744021, at *8 (C.D. Cal. Oct. 21, 2024) ("The Court therefore finds that the CFTC has plausibly alleged that digital assets such as Bitcoins are 'commodities in interstate commerce' within the meaning of the CEA."); see also *In re Marriage of Lanham & Klode*, 106 P.3d 212, 218 (Wash. 2005) (finding that intangible stock options are chattel subject to conversion claims); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v Connect Ins Agency, Inc*, No. C14-5880JLR, 2016 WL 631574, at *9 (WD Wash February 16, 2016) (holding that a client list is chattel subject to conversion). Where Defendants unlawfully held Plaintiff's Bitcoin, he is entitled to the specific restitution of the return of his Bitcoin. See *PSM Holding Corp.*, 884 F.3d at 815.

Moreover, setting aside Plaintiff's claims for conversion, unjust enrichment and the like, Plaintiff's claim of replevin allows this Court to order the return of Plaintiff's personal property, which includes the BTC he earned selling domain names on Defendants' platform that Defendants unlawfully withheld. As noted in Washington's replevin statute: "The plaintiff in an action to recover the possession of personal property may claim and obtain the immediate delivery of such property . . ." RCW 7.64.010. Al G. "A judgment for defendant for *a return of property*, or for its value where return cannot be had, is a proper judgment in replevin." *Barnes Shows Co. v. Tait*, 61 Cal. App. 304, 309, 214 P. 1015, 1017 (1923) (emphasis added). "Cryptocurrency is considered personal property." *Shi v. Le*, No. 21CV1361ARRCLP, 2022 WL 1085420, at *7 (E.D.N.Y. Mar. 2, 2022), report and recommendation adopted, No. 21CV1361ARRCLP, 2022 WL 896963 (E.D.N.Y. Mar. 28, 2022); see also *In re Marriage of Lanham & Klode*, 106 P.3d 212, 218 (Wash.

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 15

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

2005) (finding that intangible stock options are chattel); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank,* 2016 WL 631574, at *9 (WD Wash February 16, 2016) (holding that a client list is chattel). Moreover, as noted by the Washington court of appeals, "[t]he replevin statute does not distinguish between tangible and intangible property. The question is whether the property may be taken back from the defendant and returned to the plaintiff. Electronic data can be both taken and returned." *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 5 Wash. App. 2d 496, 511–12, 427 P.3d 688, 697 (2018) (internal citations omitted). Thus, whether under a conversion or replevin theory, Plaintiff is entitled to the return of his BTC—an intangible piece of personal property—that Defendants unlawfully withheld.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein, Plaintiff asks this Court to enter a default judgment against Defendants, jointly and severally, in the amount of $1,368, 217.76 , which equals the amount of Plaintiff's money Defendants are unlawfully holding and refusing to provide to Plaintiff, and to order the return of 5.18836095 BTC, which is personal property Defendants are unlawfully holding and refusing to return to Plaintiff.

DATED: December 31, 2024

/s/ Nicholas Ranallo
Nicholas Ranallo
Washington Bar No. 51439
5058 57th Ave. S.
Seattle, WA 98118
nick@ranallolawoffice.com
(831) 607-9229

/s/ Eric Misterovich
Eric Misterovich (P73422)
*Pro Hac Vice Forthcoming*

Motion for Default Judgment  (NO. 24-cv-01455-KKE) - 16

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
269.281.3908
eric@revisionlegal.com

### WORD COUNT CERTIFICATION PURSUANT TO L.R. 7(E)(6)

I certify that this memorandum contains 4420 words excluding captions and signature blocks, in accordance with this Court's Order Granting Plaintiff Motion for Leave to File Over-length Brief (ECF No. 13).

DATED: December 31, 2024

/s/ Nicholas Ranallo
Nicholas Ranallo
Washington Bar No. 51439
5058 57th Ave. S.
Seattle, WA 98118
nick@ranallolawoffice.com
(831) 607-9229

/s/ Eric Misterovich
Eric Misterovich (P73422)
*Pro Hac Vice Forthcoming*
Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
269.281.3908
eric@revisionlegal.com

Motion for Default Judgment (NO. 24-cv-01455-KKE) - 17

Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 281-3908

Ranallo Law Office
5058 57th Ave. S.
Seattle, WA 98118
(831) 607-9229